*202
 
 Nash, J.
 

 The plaintiff is not entitled
 
 to
 
 a new trial, unless the Court, in its charge, committed some error in law. We think the latter part of the Judge’s charge is erroneous in two particluars. There was no evidence in the case to support it, and it was incorrect in law. We are to presume that the exception contains all the evidence, upon which the charge was bottomed. There was then no evidence of the insolvency of Douglass. On the contrary, the case states, that, at the time the warrant was put into the hands of the defendant, he had two horses, which he carried off with him, when he left the State, and a plantation and negroes and stock in Tennessee. But the rule laid down, by which the jury were to calculate the plaintiff’s chance of securing his debt, has no foundation in law. It is true, that a debtor, even after being imprisoned under a
 
 ca. sa.
 
 may pay other
 
 bona fide
 
 debts, to the disappointment of his judgment creditor, but that he
 
 may
 
 do so is no evidence that he will do so, nor is it any answer in the mouth of the sheriff, when sued for negligence in not executing a writ. If it can shield the sheriff in this case, from answering in substantial damages, it will answer in any other, where the defendant may owe more than he can pay. In all such cases, the officer may keep the writ in his pocket, and, when sued, turn upon the plaintiff and say, “you have suffered no injury; if I had executed the writ and taken bail, the defendant might have paid away all his property, in discharge of other debts, and you would have got nothing.” This cannot be the law. The true enquiry is, has the defendant, by his negligence, deprived the plaintiff of any legal means of securing the payment of his debt ? If he has, and the debtor had property which might, by due process, have been subject to it, he shall answer to the full amount of the debt; and his
 
 Honor in his
 
 charge very fully pointed out to the jury, how that might have been done, if the process had been served. Another ob
 
 *203
 
 jection to the part of the charge we are considering is, that there is no evidence that Douglass owed one cent, but what he owed to this plaintiff. There was no error in refusing the charge required. If the defendant could not, by any diligence, have collected the debt from Doug* lass, then the plaintiff had suffered no actual loss, and the defendant was liable only to nominal damages.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo.
 
 awarded.